IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shirley Pryor, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 C 5511 |
| ALW Sourcing, LLC, a Maryland limited liability company, | ) ) ) ) | |
|    Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Shirley Pryor, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Shirley Pryor ("Pryor"), is a citizen of the State of Michigan from whom Defendant continued to attempt to collect a delinquent GE Money Bank/Exxon consumer debt she purportedly owed to Collect America, despite the fact that she had demanded, through the legal aid attorneys at the Chicago Legal Clinic's Legal

Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois, that Defendant cease its collection actions.

4. Defendant, ALW Sourcing, LLC ("ALW"), is a Maryland limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. ALW operates a nationwide collection agency, and collects debts from consumers in virtually every state, including the State of Illinois. Moreover, ALW was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Pryor.

5. Defendant ALW is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, ALW conducts business in Illinois.

6. Moreover, Defendant ALW is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, ALW acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Pryor is a senior citizen, with limited assets and income, who fell behind on paying her bills. When Defendant ALW began trying to collect a delinquent GE Money Bank/Exxon consumer debt from her, by sending her an initial collection letter, dated December 12, 2009, Ms. Pryor sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant ALW's collection actions. A copy of this collection letter is attached as Exhibit C.

8. Accordingly, on January 10, 2010, one of Ms. Pryor's attorneys at LASPD told ALW, in writing, that Ms. Pryor was represented by counsel, and directed ALW to cease contacting her, and to cease all further collection activities, because Ms. Pryor was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant ALW's debt collector, "Ron Jackson", called Ms. Pryor, from phone number 888-379-4884, to demand payment of the debt at issue, including, but not limited to, a call on or about August 9, 2010.

10. Accordingly, on August 16, 2010, one of Ms. Pryor's LASPD attorneys again wrote to Defendant to demand that ALW cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

11. In fact, the debt at issue is not owed to "Collect America", which is now known as Square Two Financial, because it owns no debts. Rather, the debt is likely owed to one of SquareTwo's subsidiaries or affiliates – CACH or CACV – which would have bought the debt from the original creditor after it was in default.

12. All of Defendant ALW's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant ALW's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. ALW, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

3

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Ms. Pryor's agent, LASPD, told Defendant ALW to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment, Defendant ALW violated § 1692c(c) of the FDCPA.

17. Defendant ALW's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant ALW knew that Ms. Pryor was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant ALW to cease directly communicating with Ms. Pryor. By directly calling Ms. Pryor, despite being advised that she was represented by counsel, Defendant ALW violated § 1692c(a)(2) of the FDCPA.

21. Defendant ALW's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692g(a)(2)
## Failure To Effectively Identify The Creditor

22. Plaintiff adopts and realleges ¶¶ 1-13.

23. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, ALW had to provide Ms. Pryor with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

24. Defendant ALW's form collection letter incorrectly identifies Collect America as the creditor, when, in fact, it was either CACH or CACV. Accordingly, Defendant ALW's December 12, 2009 letter (Exhibit C), fails to advise Ms. Pryor effectively of the name of current creditor, in violation of § 1692g(a)(2) of the FDCPA.

25. Defendant ALW's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
## Violation Of § 1692e Of The FDCPA -
## Making False Statements

26. Plaintiff adopts and realleges ¶¶ 1-13.

27. Section 1692e of the FDCPA prohibits Defendant ALW from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

28. Defendant ALW's form collection letter, stating that Collect America was the creditor, when, in fact, the creditor was either CACH or CACV, was false, deceptive or misleading in violation of § 1692e of the FDCPA.

29. Defendant ALW's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Shirley Pryor, prays that this Court:

1. Find that Defendant ALW's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Pryor, and against Defendant ALW, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Shirley Pryor, demands trial by jury.

Shirley Pryor,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  August 31, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com